United States District Court
Middle District of Florida
Jacksonville Division

**MAE HELEN FOSTER,**

    *Plaintiff,*

v.                                        No. 3:18-cv-777-J-39PDB

**JACKSONVILLE HOUSING AUTHORITY ET AL.,**

    *Defendants.*

# Order

Before the Court are filings by plaintiff Mae Helen Foster and defendants Jacksonville Housing Authority ("JHA"), Anthony Jackson, Betty Hines, and Linda Sims. Docs. 28–34. Ms. Foster proceeds without a lawyer and in forma pauperis. The defendants are represented by Kelly Papa, Esquire, a lawyer with the City of Jacksonville Office of General Counsel.

## Background

In the original and amended complaints, Ms. Foster alleges discrimination related to her use of a service dog for a disability. Docs. 1, 7. The defendants answered the amended complaint. Doc. 16.

Ms. Foster later filed a document titled, "Amendment Complaint, Order Court to Amendment, Housing Discrimination Complaint"; an amended certificate of interested persons; and a motion to disqualify Ms. Papa. Docs. 28–30.

The defendants notified the Court they have no objection to Ms. Foster amending the amended complaint, moved to compel Ms. Foster's deposition, and opposed the amended certificate and motion to disqualify. Docs. 31, 32, 33, 34.

The Court scheduled a hearing to discuss the "Amendment Complaint" and hear arguments on the motions. Doc. 35. Ms. Papa appeared, but Ms. Foster neither appeared nor sought to reschedule the hearing. The Court vacated the deadlines in the case management and scheduling order, Doc. 22, and entered an order directing Ms. Foster to show cause why the case should not be dismissed for failure to prosecute. Doc. 39. She filed a response to the show-cause order, Doc. 44, and a reply to the defendants' response to the motion to disqualify, Doc. 43.

## "Amendment Complaint"

A subheading of the "Amendment Complaint" states, "Cause of Action, Notice to Cure and Notice of 12 Month Probation/Cure Period." Doc. 28 at 1. The "Amendment Complaint" is thirty-eight pages, including four handwritten pages in which Ms. Foster complains about where she can park her motorcycle and JHA employees requiring visitors to check in. Doc. 28 at 2–5. The rest of the document includes copies of things like correspondence between JHA and complaints about Ms. Foster's behavior. Doc. 28 at 6–38.

A party may amend a complaint once as a matter of course within 21 days of serving it or 21 days after service of a responsive pleading or a motion to dismiss, to strike, or for a more definite statement. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(b)(2).

It is unclear whether Ms. Foster is trying to amend the amended complaint through the "Amendment Complaint." She has captioned other filings, "Amendment Complaint," and "Amendment Complaint, Order Court to Amendment." *See* Doc. 29 (amended certificate of interested persons); Doc. 30 (motion to disqualify); Doc. 43 (reply to the response to the motion to disqualify); Doc. 44 (response to the show-cause order). And in the "Amendment Complaint," she makes no mention of the

2

discrimination claim she raised in the original and amended complaints. *Compare* Docs. 1, 7 *with* Doc. 28.

The Court **strikes** the "Amendment Complaint," Doc. 28, and deems the operative pleadings the amended complaint filed on July 10, 2018, Doc. 7, and the answer filed on July 30, 2018, Doc. 16. If Ms. Foster wishes to amend the amended complaint, Doc. 7, she must obtain the defendants' written consent or move for leave to file a second amended complaint. A motion for leave to file a second amended complaint must include as an exhibit the proposed second amended complaint. As with other motions, a motion for leave to file a second amended complaint must comply with the Local Rules, including Local Rule 3.01(g), and the proposed second amended complaint must comply with the Federal Rules of Civil Procedure, including Rules 8(a)(1), 8(a)(2), 8(d)(1), and 10(b).

**Amended Certificate of Interested Persons**

At the beginning of the case, the clerk sent the parties a case-management-report form to complete. Docs. 6, 6-1. The form directs the parties to disclose:

> the name of each person, attorney, association of persons, law firm, partnership, and corporation that has or may have an interest in the outcome of this action—including subsidiaries, conglomerates, affiliates, parent corporations, publicly-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case.

Doc. 6-1 at 7.

The defendants filed a certificate of interested persons and corporate disclosure statement. Doc. 18. As persons or entities that have or may have an interest in the case, the defendants listed Ms. Foster, each defendant, "City of Jacksonville, Office of General Counsel," and Ms. Papa. Doc. 18 at 1. Shortly thereafter, Ms. Foster filed a certificate of interested persons. Doc. 19. As persons or entities that have or may

have an interest in the case, she named the same persons or entities the defendants named, including Ms. Papa. Doc. 19 at 2.

Later, on the same day she filed the document titled, "Amendment Complaint," Ms. Foster filed an amended certificate. Doc. 29. As persons or entities that have or may have an interest in the case, she listed the same persons or entities she listed in the original certificate and added witnesses to the section asking for "[t]he names of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors committee (or twenty largest unsecured creditors) in bankruptcy cases." Doc. 29 at 2. There, she named Hakim Sharif Abdullah, Tony L. Foster, Tony R. King, and Abdullah Hakim. Doc. 29 at 3.

The defendants responded to the amended certificate. Doc. 33. They explain the amended certificate lists Ms. Papa, who "is not a witness or an interested person as is contemplated by the Court in the Certificate of Interested Persons and Corporate Disclosure Statement." Doc. 33 at 1. They ask the Court to strike the amended certificate "to the extent that it names" Ms. Papa. Doc. 33 at 2.

Striking Ms. Papa from the amended certificate is unwarranted. The case-management-report form asks the parties to list the name of each "attorney" who has or may have an interest in the case. The defendants listed Ms. Papa on their certificate, and Ms. Foster listed her on the original certificate without objection from the defendants.[1] Listing attorneys who represent parties merely helps identify any possible conflicts of interest or grounds for recusal.

---

[1] Arguably, the request is also improperly presented. Federal Rule of Civil Procedure 7(b)(1) provides that a request for a court order must be in the form of a motion, state the grounds for the motion with particularity, and state the relief sought. *See also* Local Rule 3.01(f) (providing that all "applications to the Court [] requesting relief in any form" must be in a motion with a "concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request").

## Motion to Disqualify

In the motion to disqualify Ms. Papa, Ms. Foster states, "Please take notice that on Tuesday, February 19, 2019 [the date of filing the motion] at 1:00 pm Plaintiff will not take the deposition of Plaintiff Mae Helen Foster." Doc. 30 at 1. Ms. Foster contends Ms. Papa "may have a conflict of interest due to her representation of individual members of the plaintiff Association, against the Plaintiff Association prior to filing this on behalf of the of Plaintiff Association, which is essentially the same matter." Doc. 30 at 2. She contends that Ms. Papa, "having provided the individual members of the plaintiff Association with legal opinions and been involved in [illegible] process on their behalf, is a materia[l] and essential witness in this case." Doc. 30 at 2. Ms. Foster asks the Court to disqualify Ms. Papa from the case or "compel [JHA] to award attorney fees and cost[s] for bringing this matter and motion." Doc. 30 at 2. In a nineteen-page attachment, she includes the notice of mediation, a JHA "Pre-Application for Public Housing Communities," a JHA letter showing receipt of a "grievance procedure package" and directing her to vacate property, a Jacksonville Sheriff's Office document certifying she has no criminal history in Duval County, a FedEx receipt, a copy of the order appointing a mediator, an amended notice of taking her deposition signed by Ms. Papa, and the case management report. Doc. 30-1.

The defendants explain that, about an hour after the scheduled time for Ms. Foster's deposition, Ms. Foster served counsel, "via hand delivery," with a copy of the motion to disqualify. Doc. 31 at 1. They contend, "Although it is unclear …, Plaintiff appears to object to the deposition based on [Ms.] Papa taking the deposition" because she "has represented Defendants in other matters[.]" Doc. 31 at 1–2. They ask the Court to deny the motion, order Ms. Foster to attend a deposition, and pay attorney's

fees incurred in responding to the "frivolous" motion and attorney's fees and court reporter's costs incurred because of her failure to attend the deposition.[2] Doc. 31 at 2.

A court has the "power and responsibility to regulate the conduct of attorneys who practice before it." *United States v. Kitchin*, 592 F.2d 900, 903 (5th Cir. 1979). "A motion to disqualify counsel is the proper method for a party-litigant to bring the issues of conflict of interest or breach of ethical duties to the attention of the court." *Musicus v. Westinghouse Elec. Corp.*, 621 F.2d 742, 744 (5th Cir. 1980).

A disqualification motion is governed by local rules and federal common law. *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). The movant must prove the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). If a court bases disqualification on an ethical violation, "the court may not simply rely on a general inherent power to admit and suspend attorneys, without any limit on such power." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997). Instead, the court must identify a rule and find the lawyer violated it. *Id.*

Because a litigant is presumptively entitled to counsel of its choosing, only a compelling reason will justify disqualification. *BellSouth*, 334 F.3d at 961. Because disqualification is a "harsh sanction," it "should be resorted to sparingly." *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). And because a disqualification motion may be used to harass or for tactical advantage, it should be viewed with caution. *Herrmann*, 199 F. App'x at 752.

---

[2]Again, arguably, the request is improperly presented in a response rather than in a motion.

Ms. Foster presents no facts warranting disqualification or basis to award attorney's fees and costs (including because she is proceeding without a lawyer).[3] The defendants' request for attorney's fees and costs is addressed below.

After Ms. Foster failed to appear at the hearing, she replied to the defendants' response to the disqualification motion. Doc. 43. Local Rule 3.01(c) provides that no party may file a reply unless the Court grants leave. Because Ms. Foster did not seek leave to file a reply, the Court **strikes** the reply, Doc. 43.

### Motion to Compel Ms. Foster's Deposition

The defendants explain that, on February 2, 2019, they mailed and emailed a notice and amended notice of taking Ms. Foster's deposition, scheduled for February 19, 2019. Doc. 34 at 1; Doc. 34-1 (notice); Doc. 34-2 (amended notice). They explain that, on February 4, 2019, Ms. Foster emailed Ms. Papa, stating, "'Cancel appointment 2/15/2019 you are [JHA], Attorney, I am representing myself Pro-Se.'" Doc. 34 at 1; Doc. 34-3 (email). The defendant states Ms. Papa responded, explaining that she is allowed to take Ms. Foster's deposition and Ms. Foster can depose defense witnesses. Doc. 34 at 2; Doc. 34-4 (email). The defendants state that, after Ms. Foster failed to appear for the deposition and the court reporter issued a certificate of non-appearance, Ms. Foster filed the motion to disqualify. Doc. 34 at 2; Doc. 34-5 (certificate of non-appearance).

The defendants contend Ms. Foster "knew of the deposition, failed to appear at the deposition, failed to notify Defendant that she was not attending the deposition, and during the time the deposition was scheduled filed frivolous pleadings with the

---

[3]The motion has no statement required by Local Rule 3.01(g) stating whether the defendants oppose the motion, which alternatively warrants denying the motion. In the "Notice of Procedural Rules" filed at the beginning of the case, the Court informed Ms. Foster that any motion must include a statement explaining whether the defendants oppose the motion. *See* Doc. 5 at 2.

7

Court." Doc. 34 at 2. They ask the Court to ender an order compelling Ms. Foster to attend a deposition. Doc. 34 at 2. Ms. Foster has not responded to the motion.

Federal Rule of Civil Procedure 30(a)(1) provides, "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." The deposing party must provide "reasonable written notice" that includes the time and place of the deposition and the deponent's name and address. Fed. R. Civ. P. 30(b)(1). Local Rule 3.02 provides that a party must give written notice to a deponent at least 14 days in advance.

The defendants timely provided written notice of the deposition. Ms. Foster knew about the deposition and had no legitimate reason for failing to appear, instead filing the motion for disqualification. An order compelling her to attend a deposition is warranted.

**Response to Order to Show Cause**

Ms. Foster timely responded to the order to show cause for her failure to appear at the hearing. Doc. 44 at 1. She states she has been "traveling out of town due to [her] Grand Daughter is disable so far she have had four surgery out of High school 1 yr. [her] daughter can't do it alone taking care of her possibly one more operation [she] help her." Doc. 44 at 1 (errors in original). She states the doctors are at Eglin Air Force Base Hospital, and she failed to appear "due to health and wellbeing for my family it's been a long and hard Journey." Doc. 44 at 2 (errors in original). She adds that she notified Ms. Papa "[she] didn't want to go through Mediation but if i don't have no other way I rather take my case to court." Doc. 44 at 2. She attaches a copy of the motion to disqualify, Doc. 44-1–44-3 (each individual page of the motion is an exhibit), and a copy of the order to show cause, Doc. 44-4.

Based on Ms. Foster's response, the Court discharges the order to show cause, Doc. 39. To the extent Ms. Foster's response includes a request to waive the mediation requirement, she provides no good reason for doing so. In the case management and

scheduling order, the Court ordered the parties to participate in mediation. Doc. 22. At the hearing, Ms. Papa stated that, to facilitate medication, JHA often pays the mediation fee when the opposing party is proceeding without a lawyer.

**Sanctions**

As explained, the defendants seek attorney's fees for responding to the "frivolous" motion for disqualification and attorney's fees and court reporter's costs related to Ms. Foster's failure to attend the deposition. Doc. 31 at 2.

A court, "on motion," may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Rule 37(d)(1)(A)(i). Sanctions may include establishing facts for the case as the prevailing party claims; prohibiting the party from introducing evidence or supporting or opposing claims and defenses; striking pleadings; staying proceedings until an order is obeyed; dismissing the action in whole or in part; and rendering a default judgment. Fed. R. Civ. P. 37(d)(3) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Because Ms. Foster is proceeding in forma pauperis (based on her representation that she only receives $750 each month in social security and has $984 in monthly expenses, see Doc. 2), and because counsel likely spent little time preparing a one-and-a-half page response with no legal argument, *see* Doc. 31, no fee-award relating to the motion to disqualify is warranted.

Fees and costs for Ms. Foster's failure to appear for the deposition are a closer call. Because the Court directed Ms. Foster to show cause related only to her failure to appear at the March 13, 2019, hearing, she has not specifically addressed the

9

failure to appear for the deposition, though it seems clear from the filings that she did so because she sought to disqualify Ms. Papa.

Under the circumstances (Ms. Foster's IFP status and seemingly genuine albeit unjustified concern that there was a conflict of interest), a fee-award would be unjust.

**Conclusion**

The Court:

(1)     **strikes** the "Amendment Complaint," Doc. 28;

(2)     **denies** the defendants' request to strike Ms. Papa from the amended certificate of interested persons, Doc. 33;

(3)     **denies** Ms. Foster's motion to disqualify, Doc. 30;

(4)     **strikes** Ms. Foster's reply to the response to the motion to disqualify, Doc. 43;

(5)     **grants** the defendants' motion to compel, Doc. 34;

(6)     **discharges** the order to show cause, Doc. 39;

(7)     **denies** the defendants' request for attorney's and court reporter's fees and costs;

(8)     **orders** Ms. Foster to provide the defendants by **June 7, 2019**, at least five nonconsecutive dates in June or July she is available for a deposition;

(9)     **orders** Ms. Foster to provide the defendants by **June 7, 2019**, at least five nonconsecutive dates in June, July, or August for the mediation; and

(10)     **orders** the parties to submit by **June 14, 2019**, a new case management report that includes Ms. Foster's deposition date and the mediation date.

**Ms. Foster is cautioned that failure to comply with this order, failure to attend a properly scheduled deposition, failure to attend a properly scheduled mediation, failure to attend a properly scheduled hearing, and failure to respond to properly made discovery requests may result in the imposition of sanctions, including dismissal of the action.**

**Ordered** in Jacksonville, Florida, on May 22, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c: Counsel of Record

Mae Helen Foster
231 E. 1st Street, Apt. 604
Jacksonville, FL 32206